STATE, Respondent v. CROFUTT, Appellant

(72 N.W.2d 435)

(File No. 9514. Opinion filed October 20, 1955)

**M. E. Miller,** Lake Andes, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., for Plaintiff and Respondent.

RUDOLPH, P. J. Defendant was convicted of rape in the first degree and has appealed.

The female upon whom the alleged rape was committed was not under the age of ten years which makes the basis of the conviction a rape accomplished by means of force overcoming resistance. SDC 13.2803.

The defendant requested the trial court to instruct the jury that the crime of assault with the intent to commit rape is included in the offense charged and if the jury should fail to find the defendant guilty of rape in the first degree, it could, if the evidence warranted, bring in a verdict of guilty of an assault with intent to commit rape. The trial court refused to instruct as requested.

 Assault with intent to commit rape is not a degree of the crime of rape, but is a crime as defined by SDC 13.2303. Under the law as established in this state it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense. SDC 34.3669 is as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged."

State v. Kapelino, 20 S.D. 591, 108 N.W. 335; State v. Vey, 21 S.D. 612, 114 N.W. 719; State v. Vierck, 23 S.D. 166, 120 N.W. 1098. Assault with intent to commit rape is an offense included in the charge of rape in the first degree. 75 C.J.S., Rape, § 82, p. 588. An assault with intent to rape is an incompleted rape, so that if accused had consumated his intent he would be guilty of rape. Thus the crime is committed when every element of the crime of rape except the element of penetration is present. 75 C.J.S., Rape, § 20(b), p. 486.

 The question presented is whether the evidence in this case under any reasonable view warrants a convic-

tion of an assault with intent to commit rape. The trial judge was apparently of the view that the evidence established that the defendant was either guilty of the crime charged or not guilty of any offense. But we are inclined to the view that the jury could reasonably conclude that the state had failed to prove beyond a reasonable doubt the element of penetration. The evidence is as follows: The name of the prosecutrix is Donna. Donna was ten years of age at the time of the offense and at the time of trial. Because of Donna's age, the trial court permitted the state's attorney to ask leading questions, and most of the girl's testimony consisted of "yes" and "no" answers to questions framed by the attorney. The substance of Donna's testimony is that the defendant came to her home, where apparently defendant was living, about five o'clock in the afternoon and told Donna to get supper for the younger children. He told the other children to leave the house and hooked the screen door. He then took Donna down on the floor and committed the act of sexual intercourse. Donna answered "Yes" to the question "Did that hurt you?" However, Donna testified that while they were on the floor her grandmother came and forced open the door. She testified that when the grandmother came the defendant jumped up and got on the bed. Shortly after this event Donna was examined by a doctor. The doctor testified that he could not make an extensive examination because "the child was hysterical". He further testified that an examination of the vagina "disclosed an area that was showing some injury resulting in bleeding at the time." He testified that this injury could have been caused by sexual intercourse or that it might have been caused some other way. A smear was taken but showed no sperm.

Under our statute, SDC 13.2802, any sexual penetration, however slight, is sufficient to complete the crime, so the absence of sperm is not too material, but obviously a finding of sperm would strengthen the state's case. The testimony discloses that Donna was "in a daze" when the grandmother came in and was hysterical thereafter. We think a jury could reasonably conclude that a girl of her age and in her condition could be mistaken as to all details of the event, and the fact that the grandmother came while the partici-

pants were on the floor was sufficient to raise a reasonable doubt whether defendant had completed the act even to the extent of satisfying the statute. We do not believe that the testimony of the doctor would conclusively overcome any such doubt if it existed. True, the doctor testified as to some injury but further testified that such condition while it might have been caused by sexual intercourse could have been caused in some other way. The evidence discloses that Donna resisted and in the scuffle defendant pulled her panties aside. Under the doctor's testimony we cannot say that it would be unreasonable for the jury to conclude that the injury occurred during the scuffle rather than by sexual penetration.

We believe the question was for the jury and a finding that the state had failed to prove penetration beyond a reasonable doubt could not, under this evidence, be deemed unreasonable. We conclude, therefore, that the trial court erred in refusing the requested instruction on assault with intent to commit rape.

The judgment appealed from is reversed.

All the Judges concur.