PEOPLE v GARDNER

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-FENSES.

   The duty of the judge to instruct the jury. on lesser included offenses of the offense charged is determined by the evidence in the case; where no evidence has been presented to support a conviction of the lesser offenses, the judge should refuse to give a requested instruction as to the lesser offenses.

2. BURGLARY—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

   Instructions to the jury on lesser included offenses were properly refused in a prosecution for breaking and entering with intent to commit larceny where the evidence was that police going to investigate a report of sounds of breaking into a shed found defendant backing out of the shed with the lock in one hand and a tire iron in the other, and the defense was that defendant was at the scene to investigate (MCLA 750.110).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2, October 10, 1972, at Lansing. (Docket No. 13502.) Decided October 26, 1972. Leave to appeal denied, 389 Mich 787.

Kenneth Gardner was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Richard J. Ruhala,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 798–802.

Before: Danhof, P. J., and Bronson and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by jury verdict of breaking and entering a building with intent to commit larceny and sentenced to serve a prison term of 7-1/2 to 10 years. MCLA 750.110; MSA 28.305. From this conviction defendant appeals by right.

The sole issue argued by defendant is whether the trial judge committed reversible error by denying his request to instruct the jury upon the lesser included offenses of the crime charged.

The facts reveal that the Ivanhoe Farms Food Market storage shed was broken into on September 1, 1971. At approximately 1 a.m., a private alarm service monitoring a microphone at the back of the store heard sounds of someone attempting to break into the shed and notified the police. Upon reaching the scene of the crime, police officers found defendant backing out of the shed with the lock in one hand and a tire iron in the other. Defendant offered the exculpatory story that he observed teenagers attempting to break into the shed while driving past the market. He obtained a tire iron from the trunk of his car and proceeded to investigate. The teenagers fled as he approached the shed. He found the shed open and picked up the lock, at which time he was arrested by the police. Defendant requested jury instructions upon the lesser included offenses of attempted breaking and entering and entering without permission. MCLA 750.92; MSA 28.287 and MCLA 750.115; MSA 28.310. The trial judge's denial of this request constitutes the basis for defendant's appeal.

"Where a request has been made to charge the jury on a lesser included offense, the duty of the

trial judge is determined by the evidence." *People v Phillips,* 385 Mich 30, 36 (1971). "If no evidence has been presented to support a conviction of the lesser offense, the requested instruction should be refused." *People v Membres,* 34 Mich App 224, 228 (1971). Recently this Court in *People v Stram,* 40 Mich App 249, 254 (1972), provided a guideline for determining what constitutes "no evidence tending to support such offenses" by its statement that:

" * * * There is no evidence tending to support a lesser included offense *unless a question of fact exists* with regard to an element of the greater offense that is not an element of the included offense, *People v Loncar,* 4 Mich App 281, 289, 290 (1966).

"When does a question of fact exist? *If there is conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense, there is a question of fact as to that element."* (Emphasis added.)

The present case fails to reveal conflicting evidence upon the elements of the crime charged. The prosecution adequately proved the corpus delicti of the offense of breaking and entering with intent to commit larceny. Defendant's proffered defense was that he was merely at the scene for investigatory purposes. The trial judge's jury instruction of guilty or not guilty as charged was appropriate in view of this defense. The record discloses no evidence upon which either of the requested lesser included offenses could be based. The trial judge properly refused to give defendant's requested instructions. *People v Busby,* 34 Mich App 235 (1971). Failing to find the issue raised meritorious, defendant's conviction is affirmed.

Affirmed.