STATE, Respondent v. GRIMES, Appellant

(237 N.W.2d 900)

(File No. 11547. Opinion filed January 15, 1976)

**Robert L. O'Connor**, Sioux Falls, **Harry H. Smith**, Sioux City, Iowa, for defendant and appellant.

**William Janklow**, Atty. Gen., Pierre, **Earl R. Mettler**, Asst. Atty. Gen., Fort Pierre, **Gene Paul Kean**, State's Atty., Sioux Falls, for plaintiff and respondent.

WINANS, Justice.

In connection with the arrest of her husband a wife, following a very convivial pre-Christmas party at a Sioux Falls hotel, shot and wounded one of the arresting officers. She herself was arrested, tried and found guilty of shooting with intent to kill. On appeal she questions the instruction to the jury with regard to the law on defending the person of another against attack, she objects to refusal of an instruction on simple assault and she alleges insufficient evidence to support the verdict.

Defendant, Roxanna K. Grimes, had spent more than six hours at the Sioux Falls Downtown Holiday Inn attending a Christmas party held for the benefit of labor union officials and their staffs on December 12, 1973. At that time she was a secretary employed at the Sioux Falls Labor Temple and her husband, Raymond Grimes, who was employed by Laborers' Local 352, had his offices there also. By all accounts there was a large amount of alcohol consumed by the guests that day and Defendant is estimated to have imbibed as few as five or six and as many as twenty-five drinks. Sometime after nine in the evening Mr. and Mrs. Grimes apparently discovered that the car keys for the vehicle Mrs. Grimes was to drive were missing and they went in search of an acquaintance who had borrowed them earlier in the day. Having left the hotel's first floor area where their private party was being held, they went up to the Sattellite Bar on the top floor. While on the top floor Mrs. Grimes behaved in too spirited a fashion and Officer James McKelvey of the Sioux

Falls Police Department, who was employed in his off-hours as Holiday Inn security guard, approached them and informed them that the hotel had received several complaints about their language and their tone of voice and asked them to leave. He then escorted them down via the elevator to the lobby. On the way down Defendant pushed most of the elevator's buttons, causing it to stop at almost every floor. Once in the lobby Defendant become somewhat abusive, employing crude and vulgar language, and Officer McKelvey had a police car summoned. In response to the call Officer Larry Gulickson arrived and the two attempted to usher Mrs. Grimes out through the lobby's north door. Mr. Grimes reacted to this by lunging at Officer McKelvey from the rear. A struggle resulted and in short order McKelvey and Mr. Grimes had passed through two sets of double doors and landed on the sidewalk along the hotel's north parking field. Officer Gulickson was in the process of coming to the aid of McKelvey when he was twice shot by Mrs. Grimes who had somehow, still unexplained, obtained McKelvey's .38 calibre Smith and Wesson revolver which had been fastened in his shoulder holster. An Officer Flowers, who was visiting the hotel, came running out and Mrs. Grimes fired a third time, dropped the revolver, and ran. She was apprehended almost immediately on the hotel property.

Defendant was arrested and charged with disturbing the peace, resisting process and shooting with intent to kill. The complaint which this appeal concerns was dated December 13, 1973, and charges Defendant with "shooting with intent to kill, in violation of the provisions of SDCL 22-18-9." A preliminary hearing was held at Sioux Falls before the Honorable Robert Patterson on January 10, 1974, and Mrs. Grimes was bound over for trial in circuit court. She was arraigned on February 8, 1974, and jury trial was held at Sioux Falls before the Honorable Richard Braithwaite beginning July 30th. On August 2, 1974, the jury returned a verdict of guilty to the charge of shooting with intent to kill. On August 8th Judge Braithwaite sentenced Roxanna Grimes to the South Dakota Women's Correctional Facility for no less than three nor more than eight years.

On appeal Defendant raised four issues. They deal with

a) the standard to be used in justifying a wife's conduct in defense of her husband;

b) the possibility of Instruction #19 on the standard being confusing and inconsistent;

c) the omission of a requested instruction on the lesser included offense of simple assault and

d) lack of sufficient evidence to support the finding of shooting with intent to kill Officer Gulickson.

We find the first, second and fourth objections raised above to be without merit. We also find that the trial court erred in refusing the defendant's request for an instruction on the lesser included offense of simple assault, but in view of the fact that Defendant Grimes suffered no harm from the error we affirm the decision of the lower court.

Our statute makes no distinction among those allowed to defend themselves or to come to the defense of another, and it assigns no exclusive right or privilege in the defense of another to spouses or other relatives nor does it forbid the defense of unrelated friends or total strangers. SDCL 22-18-4 sets out the law and applicable standard:

> "To use or attempt or offer to use force or violence upon or toward the person of another is not unlawful when committed either by the party about to be injured, *or by any other person in his aid or defense,* in preventing or attempting to prevent an offense against his person or any trespass or other unlawful interference with real or personal property in his lawful possession; *provided the force or violence used is not more than sufficient to prevent such offense.*" [emphasis added]

Thus a wife, such as Roxanna Grimes in this case, is entitled to employ force or violence not more than sufficient to ward off an offense against the person of her husband should that offense or assault be unlawful. The same would hold true were she attempt-

48

ing to defend herself or a stranger. However, as with self-defense, so also with the defense of any other one is not justified in using force for protection unless she *reasonably* believes that there is immediate danger of unlawful bodily harm. Instruction 19 in its first paragraph adequately set out this standard, apparently adapting it from the above statute directly or from our criminal Pattern Jury Instruction 2-14-9.

■ Instruction 19, after restating in its first paragraph the law set out in SDCL 22-18-4 adapting it for the defense of another, followed it with two paragraphs which read as follows:

"Where an assault is made with only the hands and fists but with such force and in such manner as is likely to produce great bodily injury, the spouse of the person attacked may lawfully resist the attack with whatever force is reasonably and apparently necessary.

"Where an assault with the fists or hands, or by means not likely to produce great bodily injury, is being made on a person, but without intent to kill or do great bodily harm, and if the assault is not likely to produce great bodily injury, and if the spouse of the person being attacked is not deceived as to the character of such an assault, she is not justified in using a deadly weapon in self-defense."

Appellant contends that the Instruction, taken as a whole, is confusing. A careful reading of all three paragraphs will show that there is no inconsistency and that the second and third paragraphs merely clarify the right of one to come to the defense of another and set out the appropriate force to be used or not to be used depending upon the nature of the attack. Instruction 19 is a correct statement of the law, is not in and of itself confusing, and was properly given.

■ The court gave Instruction #12 to the jury, which reads in part:

"The offense of shooting with intent to kill, with

which Roxanna Grimes is charged in the Information, necessarily includes the lesser offenses of:

> 1. Assault with dangerous weapon with intent to injure.
> 2. Assault and battery.
> 3. Gross injury to another.
> 4. Disturbing the peace."

Defendant had requested an instruction which read in part:

> "The offense of shooting with intent to kill, with which the defendant is charged in the information, necessarily includes the lesser offenses of:

> \*     \*     \*     \*     \*     \*

> (4) Also included offense is assault, which is any willful and unlawful attempt or offer, with force or violence, to do corporal hurt to another."

SDCL 23-45-23 provides:

> "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged."

With regard to the case before us this statute would mean that the jury could have found Defendant guilty only of simple assault if simple assault is a lesser offense included in 22-18-9 which covers shooting with intent to kill and assault and battery with intent to kill and the attempts to do such. Our law on assault and battery with intent to kill was established in territorial days and is now as it was then and we hold that it applies also to shooting with intent to kill since the latter is but an instance of the former. This is made even more evident by our legislature's decision to deal with them together. In People v. Odell, 1875, 1 Dak. 197, 46 N.W. 601, the Supreme Court of Dakota said that:

"* * * the man who commits the crime of an assault and battery with intent to kill *ex necessitate* has also committed the lesser offenses of an assault, assault and battery, and an assault with intent to do bodily harm, and when charged with the higher might be convicted of either of the lower. * * * It therefore seems to be the settled law that a defendant tried on indictment for assault and battery with intent to kill, may be convicted either of the crime charged or of an assault or assault and battery with intent to do bodily harm, or for assault and battery, or for a simple assault."

This was further clarified in Territory v. Conrad, 1877, 1 Dak. 363, 46 N.W. 605, where Mr. Chief Justice Shannon, speaking for the Supreme Court of Dakota, said: "[t]his court accordingly held, at the January term, 1876, in the case of People v. Odell * * * on an indictment for shooting with a shot gun, with intent to kill, that a defendant 'may be convicted either of the crime charged, or of an assault, or assault and battery, with intent to do bodily harm, or for assault and battery, or for a simple assault'."

In an Ohio case, State v. Deboard, 1962, 116 Ohio App. 108, 187 N.E.2d 83, defense counsel complained of the court's giving instructions on lesser included offenses of assault, assault with a dangerous weapon, and pointing firearms on a charge of maliciously shooting with intent to kill or wound. The Ohio Court of Appeals said:

"We feel that the trial judge was justified in charging on the three lesser included offenses, in view of the facts in this case. Not only was he justified but under a duty so to charge. Had he not so charged it would have been tantamount to a directed verdict of not guilty of the lesser included offenses upon which he did not charge."

While we do not agree that the trial judge in the case before us had a duty on his own motion so to charge, we are in agreement that he had a duty to give the instruction when it was supported by the evidence and when it was requested by Defendant in light

of our statute SDCL 23-45-23. Judge Rudolph, speaking for this Court, said:

> " * * * Under the law as established in this state it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense." State v. Crofutt, 1955, 76 S.D. 77, 72 N.W.2d 435.

The trial court refused to give Defendant's requested instruction on simple assault because it was his "belief that the only difference in the elements necessary to prove assault and assault and battery is that the assault culminates in a battery [and] it is undisputed there was a battery in this case and it would be impossible for the jury to find that there was not a battery." A battery is defined in SDCL 22-18-1 as "any willful and unlawful use of force or violence upon the person of another." Even assuming that an assault had taken place and that it resulted in the use upon the person of another of force or violence, it still remained for the jury to find that such an apparent battery was in fact willful and unlawful. Odell, supra, has held that a simple assault is necessarily within the elements of assault and battery with intent to kill and we find no reason to say otherwise.

Although we believe the trial court's refusal to give the requested instruction was error, it is also clear from the jury's verdict that Mrs. Grimes suffered no harm from the error. She was found guilty of the offense with which she was charged, shooting with intent to kill, and not of one of the lesser included offenses contained in the instructions. It appears that the jury was without reasonable doubt on the charge of shooting with intent to kill, which it could rightly have found from the evidence, and it has no need to find any lesser offense was committed even though by the court's instructions they had the opportunity to so find. Whether the jury had been offered an assault instruction apparently would not have been of consequence in light of the verdict. Since Defendant suffered no real harm from the error, the conviction on the charge of shooting with intent to kill is affirmed.

DUNN, C. J., and DOYLE and COLER, JJ., concur.

WOLLMAN, J., concurs specially.

WOLLMAN, Justice (concurring specially).

Although I agree that the conviction should be affirmed, I do not agree that the trial court erred in refusing to give an instruction on simple assault. Even if the offense of simple assault is necessarily included within the offense of shooting with intent to kill, the evidence did not warrant a conviction on that lesser offense, and thus the trial court was correct in refusing to give the requested instruction. State v. Kapelino, 20 S.D. 591, 108 N.W. 335; State v. Crofutt, 76 S.D. 77, 72 N.W.2d 435; State v. O'Connor, 86 S.D. 294, 194 N.W.2d 246.