STATE of South Dakota, Plaintiff and Respondent,

v.

Albert KAFKA, Defendant and Appellant.

No. 12246.

Supreme Court of South Dakota.

April 6, 1978.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Steven M. Johnson of Brady, Kabeiseman & Reade, Yankton, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from the judgment of conviction entered after he was found guilty by a jury on a charge of third degree burglary. We affirm.

Viewing the evidence in the light most favorable to the verdict, the jury could reasonably have found that on the night of January 7, 1977, defendant and one Marvin Peterson drove in defendant's pickup truck to the Pioneer Lime Company plant located in Yankton County. Defendant and Peterson lifted the locked perimeter fence gate off its hinges. Defendant drove his pickup onto the plant grounds. The two men took some truck tires that were located on the premises and placed them in the pickup. Both men broke the lock on the door to a grease shack and then entered that structure, from which they removed some items of personal property. Defendant then held open a window in the scale house while Peterson crawled inside. Peterson removed some tools and other items of personal

property from the scale house and both men carried these items to the pickup. The two men then drove back to Yankton with their spoils, where they unsuccessfully attempted to sell the truck tires.

Testifying in his own behalf, defendant admitted driving to the lime plant premises with Peterson on the night in question but denied that he had entered any buildings or that he had intended to help commit a burglary. He testified that it was Peterson who had opened the gate and who had placed the items of property into the pickup and that he, defendant, believed that that property rightfully belonged to Peterson, who had formerly worked for Pioneer Lime Company.

■ Defendant contends that the trial court erred in refusing to give defendant's requested lesser included offense instruction based upon SDCL 22–32–16, which provides:

"Every person who under circumstances not amounting to any burglary enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit felony, larceny, or malicious mischief, is guilty of a misdemeanor."

Defendant argues that our decision in *State v. O'Connor*, 86 S.D. 294, 194 N.W.2d 246, incorrectly states the test to be applied in determining whether an offense is necessarily included within another offense. We need not decide this question, however, for under the alternative holding in the O'Connor case defendant was not entitled to the lesser included offense instruction. Either defendant was guilty of third degree burglary as defined in SDCL 22–32–9, or he was not guilty of anything, for defendant's own testimony compels a finding that items of property were carried from the buildings to the pickup truck. In addition, a company employee testified that other than the tires, the missing property had been taken from the two buildings. In a word, the circumstances of the alleged offense amounted either to third degree burglary or they constituted no crime whatsoever. A

trial court is not required to instruct on matters that find no support in the evidence, *State v. Kapelino*, 20 S.D. 591, 108 N.W. 335; *State v. Johnson*, 81 S.D. 600, 139 N.W.2d 232; *State v. O'Connor*, supra; *State v. Zemina*, 87 S.D. 291, 206 N.W.2d 819. Under no reasonable view of the evidence would a conviction of the offense defined in SDCL 22–32–16 have been warranted. *State v. Crofutt*, 76 S.D. 77, 72 N.W.2d 435. Accordingly, we hold that the trial court did not err in refusing to give the requested instruction.

■ In addition to being found guilty on the third degree burglary charge, defendant was subsequently adjudged by the trial court to be a habitual offender, defendant having waived a jury trial on that issue. Defendant contends that the trial court erred in the manner in which it arraigned defendant under the habitual offender statute and asks that the additional sentence entered by reason of his having been adjudged a habitual offender be set aside. Although we agree that the trial court erred, we do not agree that the error was so prejudicial as to require that the sentence be set aside.

SDCL 23–32–9 provides that when a defendant is charged as a habitual offender under SDCL 22–7 the information shall be in two parts, the principal offense to be stated in the first part and the allegations concerning the former conviction or convictions in the second part. SDCL 23–32–10 provides that before a defendant is required to enter a plea on the first part of the information he shall be informed by the court of the contents of the second part. In *Black v. Erickson*, 86 S.D. 86, 191 N.W.2d 174, we held that where, as here, the fact of the prior conviction or convictions was known to the state at the time the information charging the principal offense was filed, the state must file the habitual offender portion of the information along with the information charging the principal offense and that the trial court must inform the defendant of the contents of the habitual offender charge before the defendant is called upon to plead to the principal charge.

Because that procedure had not been followed in the Black case, we upheld the grant of habeas corpus relief.

We conclude that the facts in the instant case are not so sufficiently analogous to those in the Black case as to require the relief asked for by defendant. Following the reading by the state's attorney of that portion of the information that stated the principal offense, the following exchange occurred between the trial court and the defendant and his attorney:

"THE COURT: Very well, having heard the Information read to you, Mr. Kafka, do you understand the contents of the Information?

MR. KAFKA: Yes, sir.

THE COURT: Very well, I'll ask you, how do you plead, guilty or not guilty to this Information?

MR. KAFKA: Not guilty.

THE COURT: Very well, you can proceed with the arraignment. We can arraign him on part two at a later time. My understanding, Mr. Johnson, is you waive the two-day requirement of the trial on that after you've been given a copy?

MR. JOHNSON: Could I take a look at it?

THE COURT: Certainly.

MR. JOHNSON: Yes, Your Honor, we will.

THE COURT: Very well, you can furnish a copy of that at a later time. We can arraign him on it at a later time unless you proceed to waive your right to have a copy during this arraignment with the understanding that the Deputy State's Attorney will furnish you one as soon as possible.

MR. JOHNSON: Yes, we could do that.

THE COURT: Very well, you can go ahead and arraign him on this Information, at this time, and you can furnish him with a copy after you're done arraigning him; and there is a copy machine right behind you.

(At which time Part 2 of the Information is read)

THE COURT: Very well, Mr. Kafka, having heard this Information read to you, do you understand the contents of this Information?

MR. KAFKA: Yes, sir.

THE COURT: Very well, now I'll ask you, how do you plead, guilty or not guilty?

MR. KAFKA: Not guilty.

THE COURT: Very well, we're ready for trial."

Unlike the situation in the Black case, defendant in the instant case pleaded not guilty to the principal charge. Defendant contends that he had been informed by the state's attorney that if he would plead guilty to the principal offense the habitual offender charge would be dismissed and that had the trial court informed him of the contents of the habitual offender portion of the information and its consequences he would have pleaded guilty pursuant to the plea bargain. There is nothing in the record to substantiate defendant's argument, however, and we agree with the state that the trial court's failure to comply strictly with the requirements of SDCL 23–32–10 does not render the conviction on the habitual offender charge void. We cannot refrain from commenting, however, that given our decision in the Black case, which was filed some five and one-half years prior to the arraignment in the instant case, we cannot understand the failure of the state's attorney and the trial court to comply strictly with the requirements of SDCL 23–32–9 and 23–32–10. If there is an area of criminal procedure that a prosecutor must tread with caution lest he be trapped by whatever remains of the technical requirements of pleading and practice, it is in the area of alleging and proving prior offenses under the habitual offender statutes. The error complained of should never have occurred.

The judgment is affirmed.

DUNN, C. J., and PORTER and MORGAN, JJ., concur.

ZASTROW, J., concurs specially.

ZASTROW, Justice (concurring specially).

Inasmuch as *State v. O'Connor*, 1972, 86 S.D. 294, 194 N.W.2d 246 concluded that SDCL 22–32–16 (misdemeanor breaking and entering) could not be a "necessarily included offense" of SDCL 22–32–9 (third degree burglary) as a matter of law, I feel that the proper determination of a "necessarily included offense" should be discussed.*

There are two tests for determining whether an offense is "necessarily included" in a greater offense: (1) legal and (2) factual. Both tests must be satisfied before a "necessarily included offense" instruction should be given.

The legal test of a "necessarily included offense" is stated in *State v. O'Connor*, supra, as follows:

" ' * * * [T]he test of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. * * * If, in the commission of acts made unlawful by one statute the offender must always violate another, the one offense is necessarily included in the other. * * * Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense.' " 86 S.D. at 298, 194 N.W.2d at 248–249.

From this correct statement, the court concluded that SDCL 22–32–16 is not necessarily included in SDCL 22–32–9 because SDCL 22–32–9 requires property to be kept in the enclosures, whereas SDCL 22–32–16 does not. The conclusion of *State v. O'Connor*, supra. *State v. Goodale*, 1972, 86 S.D.

458, 198 N.W.2d 44, and *State v. Myott*, 1976, S.D., 246 N.W.2d 786, is simply incorrect.

To meet the legal test of a "necessarily included offense," first, the elements of the included offense must be fewer in number than the elements of the greater charged offense. Second, the penalty for the included offense must be less than the greater charged offense in terms of the maximum punishment attached to each offense. Third, as stated in *State v. O'Connor*, supra, the two offenses must contain common elements so that the lesser included offense must be such that the greater offense cannot be committed without also committing the lesser. See Annot., 11 A.L.R.Fed. 173; 23A C.J.S. Criminal Law § 1288.

SDCL 22–32–16 obviously meets the first two requirements to be a necessarily included offense of SDCL 22–32–9. However, because SDCL 22–32–9 and SDCL 22–32–16 include several alternative acts, the determination of whether SDCL 22–32–16 contains common elements of SDCL 22–32–9 depends solely upon the particular charge in the information.

The applicable parts of SDCL 22–32–9 in regard to the offense charged in the information are:

"A person breaking or entering at any time any building * * * in which any property is kept, with intent to commit larceny or any felony, is guilty of burglary in the third degree."

The applicable parts of SDCL 22–32–16 in regard to the offense charged in the information would be:

"Every person who under circumstances not amounting to any burglary enters any building * * * with intent to commit felony, (or) larceny * * * is guilty of a misdemeanor."

Under the legal test in this case, SDCL 22–32–16 was a necessarily included offense of SDCL 22–32–9. SDCL 22–32–16(1) has fewer elements, i. e., there need not be a

---

* Fully recognizing that both these statutes have been amended by the legislature, however, the new statutes retained the inherent difficulties of determining when SDCL 22–32–16 may be a "necessarily included offense" of SDCL 22–32–9 (now SDCL 22–32–8).

breaking and the building need not be one in which property is kept; (2) it has less punishment, i. e., one year compared to fifteen years; and (3) it has common elements, i. e., an entry of a building with the intent to commit a felony or larceny. The violation of SDCL 22–32–9 as charged cannot be committed without violating SDCL 22–32–16.

Having concluded that SDCL 22–32–16 can be a necessarily included offense under SDCL 22–32–9 as charged in the allegations of the information, it must be determined whether or not the evidence presented satisfied the "factual test" and would require the giving of the "necessarily included offense" instruction.

"Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error. (citations omitted) There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed." *People v. Karasek*, 1975, 63 Mich.App. 706, 234 N.W.2d 761.

" ' * * * There is no evidence tending to support a lesser included offense *unless a question of fact exists* with regard to an element of the greater offense that is not an element of the included offense (citation omitted).

" 'When does a question of fact exist? *If there is conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense, there is a question of fact as to that element.*' " *People v. Gardner*, 1972, 43 Mich.App. 574, 204 N.W.2d 272.

Here, reading the evidence in the light most favorable to the defendant, his entry made could have been without a "breaking" under our third degree burglary statute. However, entry alone with the requisite intent will constitute third degree burglary and a breaking is unnecessary. The other additional element of third degree burglary, i. e., the building being one in which property is kept, was not in dispute. The building was the repository of tools and equipment belonging to the Pioneer Lime Company and used in its business. There is no "conflicting evidence" relating to any elements of the greater offense that are not elements of the lesser offense.

The only element in dispute was the "intent" of the defendant at the time he entered the building. The intent required by both SDCL 22–32–9 and SDCL 22–32–16, in these circumstances, is the same. If defendant had the intent to commit larceny or a felony, he was guilty, as the jury found, of third degree burglary; without the "intent," he was guilty of neither third degree burglary nor misdemeanor entry.

The O'Connor decision emphasizes that because SDCL 22–32–16 is not a degree of burglary, it is not necessarily included. However, there is a difference between "degrees of an offense" and a "necessarily included offense." SDCL 22–32–16 is not a "degree" of burglary and can be an entirely separate offense from SDCL 22–32–9; that does not mean that SDCL 22–32–16 cannot be "necessarily included" in SDCL 22–32–9. It is only by use of the "legal test" and "factual test" that a trial court can determine what offenses are or are not "necessarily included" within the charged offense. Because the "factual test" was not satisfied by the evidence at this trial, the court correctly refused the requested instruction.

The defendant argues that if he had known of the habitual offender portion of the information and its consequences, he would have accepted the state's attorney's plea bargain and pleaded guilty to the burglary charge. SDCL 22–7–3 requires the state's attorney to file a habitual offender information upon learning of prior felony convictions. The prior felony conviction is for the consideration of the trial judges in sentencing a convicted offender. The *filing* of a habitual offender charge is not a subject for plea negotiations, since it is manda-

tory that the state's attorney file it upon receiving notice of the prior conviction. Once filed, it cannot be dismissed by the state's attorney as part of a plea bargain without the agreement of the trial judge. There does not appear to be any reason to believe that such a plea bargain would have been accepted by the trial court. Furthermore, upon being informed by the judge of the habitual offender information and its consequences, the defendant made no attempt to change his plea. There is no reason to believe that such a plea agreement would not have been available had he desired to change his plea, subject, of course, to acceptance of such a plea agreement by the trial court. I can see no prejudicial error under the circumstances here.