**UNITED STATES of America, Appellee,**

v.

**Mert LeRoy WOLF, Appellant.**

**No. 80-1341.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1980.

Decided April 15, 1981.

Rehearing Denied May 8, 1981.

above, defines continuous service in the industry and concludes that self-employment is not creditable.

C. A. Frerichs, argued, Fulton, Frerichs, Nutting, Martin & Andres, P. C., Waterloo, Iowa, for appellant.

James H. Reynolds, U. S. Atty., N. D. Iowa, Robert L. Teig, Asst. U. S. Atty., argued, Cedar Rapids, Iowa, for appellee.

Before ROSS and HENLEY, Circuit Judges, and RENNER, District Judge.*

HENLEY, Circuit Judge.

Appellant, Mert LeRoy Wolf, was charged in a twelve-count indictment with mail fraud and aiding mail fraud, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2, respectively. After a jury trial[1] a verdict of guilty was returned and judgment was

---

* The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, sitting by designation.

1. United States District Court for the Northern District of Iowa, The Honorable Edward J. McManus, Chief Judge, presiding.

entered accordingly.[2] Appellant perfected a timely appeal and we affirm.

Appellant's fraudulent scheme centered around promoting the sale of franchises for mobile dog-grooming trailers. To execute the scheme, appellant formed several corporations through which he sought investors to fund the franchises. Appellant enticed these investors by falsely representing the corporations to be viable and financially stable concerns. He reinforced these representations by mailing various false corporate documents and token checks allegedly representing shares of the profits.

After a time appellant altered the concept of his business somewhat so as to attract reinvestment as well as new investors. The corporations were to sell the dog-grooming trailers directly. Appellant sold stock in these altered corporations and did indeed mail share certificates and token dividend checks. Funds generated by the scheme evidently were converted to appellant's use. To prevent discovery of his fraud, appellant continuously assured investors that their investments were sound and would certainly return a handsome profit. No handsome profit was ever realized.

In defense appellant asserted his good faith. He attempted to persuade the jury of his honest belief in the representations made, and that only his inadvertent mismanagement led to the business failures. Obviously the jury did not accept appellant's proffered defense. On appeal appellant raises numerous alleged errors of which only a few merit discussion.

■ First, appellant contends that the district court erred in denying his requested continuance. In support of this request, appellant's counsel claimed he was not afforded adequate time to prepare for trial. We can reverse the district court's denial only if there was a clear abuse of its discretion. *United States v. Taylor*, 542 F.2d 1023, 1025 (8th Cir. 1976), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977).

When reviewing an appeal from a denial of a motion for continuance based on inadequate preparation for trial, this court has examined certain factors in determining whether there was an abuse of discretion. We will look to the amount of time granted for preparation, the conduct of counsel at trial, and whether prejudice appears from the record.

*United States v. Campbell*, 609 F.2d 922, 925 (8th Cir. 1979) (citation omitted), *cert. denied*, 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980).

■ Appellant's counsel had thirty-five days to prepare for trial. He points to three factors as evidencing the inadequacy of this time: (1) the time spent by the government investigating and preparing the case; (2) the size of the government's file; and (3) the appellant's inability to recall events alleged in the indictment.

In some circumstances, the time spent by the government investigating and preparing a case and the size of its file might reflect the complexity of a case. In present circumstances, however, the government's lengthy investigation did not result from a complex fraudulent scheme, but, rather was caused by appellant's extended execution of a relatively simple scheme. The government's voluminous file largely consisted of documents prepared and/or executed by appellant. In light of appellant's familiarity with these documents, thirty-five days were more than enough time within which to examine intelligently and digest the material in the government's file.

Appellant also claims that thirty-five days did not provide sufficient time for him to refresh his memory concerning events surrounding the alleged fraudulent scheme. He seems to argue that given more time he would have been better able to recall events that occurred approximately four years in the past. Absent a physical condition not present here, we find it difficult to believe that mere passage of time would have en-

---

**2.** Appellant received sentences aggregating fifteen years to be served to be followed by five years probation.

hanced appellant's memory, thus aiding in his defense.

Most telling on the adequacy of the preparation time is defense counsel's conduct at trial which reflects an intimate familiarity with the details of the case. Our review of the record discloses no lack of preparation and no prejudice resulting from inadequate preparation.

Second, appellant contends that his conviction was obtained with the use of false evidence. Some individuals, to meet their obligations, gave appellant promissory notes and accompanying security agreements. To obtain more financing, appellant assigned this chattel paper to a bank.

At trial appellant introduced some assignment agreements bearing his signature which he claimed evidenced personal liability and thus showed good faith. A bank officer testified that as he interpreted the agreement appellant was personally liable for the obligations on the notes. The government, pointing to a different part of one of the documents, contended that appellant had signed it in his corporate capacity rather than individually, thus rebutting any inference of good faith. A government witness testified that she understood the agreement to evidence a corporate rather than personal obligation.

Appellant now contends that, as a matter of commercial law, the financial documents showed his personal liability and the government knew or should have known this. He then argues that, armed with this knowledge, introducing contrary evidence constituted using false evidence.

█ Use of false evidence does not comport with fairness notions encompassed in the due process clause, and a conviction "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976) (footnote omitted). But we do not find that the government used false evidence.

The government did not present, or allow to go unchallenged, evidence which contra-

dicted an established and uncontested fact. *Compare with Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 *passim* (1972); *United States v. Bigeleisen,* 625 F.2d 203 *passim* (8th Cir. 1980); *United States v. Barham,* 595 F.2d 231, 238–43 (5th Cir. 1979). The challenged evidence concerned the effect to be given a financial document, a question on which reasonable minds could differ.

Both appellant and the government presented evidence tending to support their respective positions and argued the point to the jury. Appellant simply "has failed to show that the conviction was based upon the fraudulent use by the prosecutor of false and misleading evidence." *United States v. Lanier,* 616 F.2d 1059, 1061–62 (8th Cir. 1980).

█ Third, appellant contends that the prosecutor's closing argument was impermissible and prejudicial. He complains of the following remark: "[T]he United States is convinced that once you go back and look at these things, and examine them carefully, you will find the defendant, Mert Wolf, guilty of all 12 counts of mail fraud."

To the extent this remark states the prosecutor's contention as to what the evidence properly before the jury established, we find it permissible. *United States v. King,* 616 F.2d 1034, 1040 n.3 (8th Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980); *Schmidt v. United States,* 237 F.2d 542, 543 (8th Cir. 1956); *compare with United States v. Splain,* 545 F.2d 1131, 1135 n.2 (8th Cir. 1976). And even if the statement be improper, we find it nonprejudicial in light of the overwhelming evidence of guilt. *United States v. King,* 616 F.2d at 1040–41.

█ Appellant's remaining contentions concern witness examination, handling of instructions, and the admission or exclusion of relevant but potentially prejudicial evidence. These are matters given to the trial court's discretion, and the record before us reveals no abuse of that discretion or prejudicial error.

After careful review of the record and consideration of the parties' briefs, we conclude that the judgment of the district court should be, and it is, affirmed.