**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jackie BLAKEY, Defendant and Appellant.**

**No. 13823.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1983.

Decided April 27, 1983.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John P. Abbott of Abbott & Abbott, Brandon, for defendant and appellant.

FOSHEIM, Chief Justice.

A jury found Jackie Blakey (defendant) guilty of burglary in the first degree. SDCL 22–32–1.[1] The information charged him with entering or remaining in an occupied structure during the nighttime with intent to commit the crime of theft.

The State's testimony was that at approximately 6:45 a.m., on February 14, 1982, Darlene Denevan was awakened in her home by a banging noise followed by the sound of breaking glass. She woke her husband, Joe Denevan, who went to the basement. There he found defendant picking through a stack of laundry. When Mr. Denevan demanded an explanation, defendant told him to mind his own business. Mr. Denevan then turned his back on defendant and yelled up the basement stairs for his wife to call the police. When he returned, defendant was on a shallow wall ledge, located about 6 feet off the floor, attempting to escape through a basement window. Mr. Denevan pulled defendant back from the window and held him at bay until the police arrived. Defendant told the arresting officer that he was drunk and asked the officer if this was Spencer, South Dakota (where defendant lived). A number of articles of clothing were found on the ledge and the floor under the window through which defendant tried to escape. Defendant, testifying in his defense, admitted he was in Denevans' basement. However defendant claimed he could not remember going there or breaking the basement window and that he had not intended to steal anything. Defendant testified he had ingested large quantities of drugs late on the 13th and early on the 14th of February, 1982. Mr.

and Mrs. Denevan and the arresting officer testified that defendant did not appear to be under the influence of drugs when they first observed him.

On appeal defendant argues that the trial court erred when it refused to give two proposed lesser included offense instructions. Defendant was charged with SDCL 22–32–1(3), which reads:

Any person who enters or remains in an occupied structure, with intent to commit any crime therein, is guilty of first degree burglary when: (3) The offense is committed in the nighttime.

Defendant proposed lesser included offense instructions based on the following statutes:

SDCL 22–35–5: Any person who, knowing that he is not privileged to do so, enters or surreptitiously remains in any building or occupied structure, or a separately secured or occupied portion thereof, is guilty of a Class 2 misdemeanor.

SDCL 22–32–16: Any person who, under circumstances not amounting to burglary, enters a structure with intent to commit any crime is guilty of a Class 1 misdemeanor.

■ The trial court must instruct on a lesser included offense if it is legally included in the greater offense and evidence on the elements of the greater, which are not elements of the lesser, is conflicting. *State v. Oien*, 302 N.W.2d 807 (S.D.1981); *State v. Poss*, 298 N.W.2d 80 (S.D.1980); *State v. Kafka*, 264 N.W.2d 702 (S.D.1978) (Zastrow, J., concurring specially).

The first part of this test, the legal test, means:

"... [T]hat where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. * * * If, in the commission of acts made unlawful by one

---

1. SDCL 22–32–1 reads: Any person who enters or remains in an occupied structure, with intent to commit any crime therein, is guilty of first degree burglary when:

    (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

    (2) The offender is armed with a dangerous weapon; or

    (3) The offense is committed in the nighttime.

First degree burglary is a Class 2 felony.

statute the offender must always violate another, the one offense is necessarily included in the other. * * * Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense." [*State v. O'Connor*,] 86 S.D. [294] at 298, 194 N.W.2d [246] at 248–249.

*Id.* at 705.

■■■ After comparing the elements of SDCL 22–35–5 with those in SDCL 22–32–1, we hold that SDCL 22–35–5 does not pass the legal test in this instance. In *Kafka*, Justice Zastrow stated that when the statutes under comparison include alternative acts, the determination of whether the elements of one statute are included in the other depends solely on the particular charge in the information. The information charged that defendant "did . . . enter or remain." SDCL 22–35–5 can be committed without necessarily committing an element of SDCL 22–32–1(3) because SDCL 22–35–5's "surreptitiously" element is irrelevant to the proof of burglary as charged. We also hold that SDCL 22–32–16 passes the legal test but fails the factual test in this instance. The two elements absent from SDCL 22–32–16 which are present in first degree burglary are "occupied" and "in the nighttime." The evidence is not conflicting on these elements. The State proved by uncontradicted testimony that the structure was occupied and that defendant was found in the Denevan home in the nighttime.[2] The trial court correctly refused defendant's lesser included offense instructions.

■■■ The last issue is whether the trial court properly denied defendant's motion for judgment of acquittal. Defendant argues that the State failed to prove beyond a reasonable doubt that he had the specific intent to commit theft. A motion for judgment of acquittal is made pursuant to SDCL 23A–23–1.[3] Our standard of review on denial of this motion is whether the State made out a prima facie case from which the jury could reasonably find the defendant guilty. Questions of credibility and weight of evidence are jury questions. *State v. Miller,* 313 N.W.2d 460 (S.D.1981); *State v. Myott,* 246 N.W.2d 786 (S.D.1976); *State v. Peck,* 82 S.D. 561, 150 N.W.2d 725 (1967).

■■■ Specific intent to commit theft is a fact question and therefore whether defendant was under a disability preventing him from forming that intent is for the jury to decide. *Poss, supra.* In order to deny a motion for judgment of acquittal, the evidence must establish beyond a reasonable doubt the entry was made with the specific intent charged. The element of intent can be inferred from the circumstances.

The contention the evidence is insufficient to establish beyond a reasonable doubt that the entry was with intent to commit larceny is not sustainable. The only evidence which would prove conclusively and beyond doubt the existence of an intent to commit larceny would be the statement or confession of the defendant himself. Admittedly there is nothing in the record to directly establish that the

2. The evidence established that defendant was found in the Denevan home shortly before 7:00 a.m. on the 14th. The parties stipulated that the sun rose at 7:27 a.m. on that date. SDCL 22–32–15 reads: The word "nighttime" in this chapter includes the period between sunset and sunrise.

3. SDCL 23A–23–1 reads: Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. A court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in an indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of the offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecuting attorney is not granted, the defendant may offer evidence without having reserved the right.

defendant intended to steal anything from the automobile or that the defendant knew that Fire Thunder intended to steal. But such intention or knowledge of such intention need not be directly or positively proved and it may be inferred from the circumstances.

*Peck,* 150 N.W.2d at 728 (citation omitted). Defendant took the stand and specifically denied he intended to steal anything from Denevans.

The evidence is sufficient, if believed, for the jury to find beyond a reasonable doubt that defendant had the specific intent to commit the offense of theft. The trial court properly denied defendant's motion.

Judgment of conviction is affirmed.

All the Justices concur.