**UNITED STATES of America, Appellee,**

v.

**Joseph Carl OAKIE, Appellant.**

No. 82–2518.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1983.

Decided June 15, 1983.

Certiorari Denied Oct. 3, 1983.
See 104 S.Ct. 172.

Scott N. Heidepriem, Miller, S.D., for appellant.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., Dawn Bowen, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Following a jury trial in the district court,[1] Joseph Carl Oakie was convicted of second degree murder in violation of 18 U.S.C. §§ 1111 and 1153 (1976). On appeal, Oakie argues that the trial court erred (1) in refusing to instruct the jury regarding the defense of another, and (2) in excluding evidence of prior incidents of hostility between Oakie's family and another family that lived nearby.

The Oakies and the Chasing Hawks lived in Red Scaffold, South Dakota, on the Cheyenne River Indian Reservation. Oakie shot and killed Gregory Kohlus, a friend of the Chasing Hawks, during a confrontation between the parties that took place outside the Chasing Hawk residence.

Oakie argues that he shot Kohlus because he believed Kohlus and the Chasing Hawks presented a danger of physical harm, not only to himself, but also to members of his family. The district court instructed the jury on Oakie's claim of self-defense, but refused to instruct on his claim of defense of others.

■ It is axiomatic that:

As with self-defense, so too with the defense of another, one is not justified in using force to protect the other unless he reasonably believes that the other is in immediate danger of unlawful bodily harm and that force is necessary to prevent that harm; and even when he enter-

---

1. The Honorable Donald J. Porter presiding.

tains these reasonable beliefs, he may not use more force than he reasonably believes necessary to relieve the risk of harm.

W. LaFave & A. Scott, *Handbook on Criminal Law* § 54, at 398 (1972) (footnote omitted).

*See also, e.g., State v. Harris,* 222 N.W.2d 462, 466 (Iowa 1974); *State v. Grimes,* 90 S.D. 43, 47, 237 N.W.2d 900, 902 (1976). There is virtually no support in the record for Oakie's claim that he reasonably believed that any member of his family was in immediate danger of unlawful bodily harm. The district judge showed no abuse of discretion in refusing to instruct the jury on Oakie's claim of defense of others.

Similarly, we find no merit in Oakie's second claim regarding the exclusion of evidence of hostilities between the Oakies and the Chasing Hawks. Determination of the admissibility of evidence is committed to the sound discretion of the trial court. *United States v. Wolf,* 645 F.2d 665, 668 (8th Cir.1981). After reviewing the record we find no abuse of discretion by the district judge.

Accordingly, the district court's judgment is affirmed. *See* 8th Cir.R. 14.