BLACK, Respondent v. ERICKSON, Appellant

(191 N.W.2d 174)

(File No. 10935. Opinion filed October 28, 1971)

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **Roland E. Grosshans,** State's Atty., Hot Springs, for defendant and appellant.

**David V. Vrooman,** Sioux Falls, for plaintiff and respondent.

HANSON, Judge.

The applicant in this habeas corpus proceeding, Arnold Lee Black, is an inmate in the State Penitentiary serving an indeterminate sentence of "not more than ten years." He challenges the validity of his sentence which was increased because of prior felony convictions. The trial court ordered him released and remanded to the Circuit Court of Fall River County for resentencing on the principal charge of possessing burglary tools for which the maximum sentence is five years. The State appeals, contending the heavier penalty imposed as an habitual offender was proper and did not violate any of Black's rights.

In this state we have two separate procedures for enhancing the punishment of habitual criminals. There is a substantial difference between the two. A similar situation exists in Michigan. In People v. Stratton, 13 Mich.App. 350, 164 N.W.2d 555, the court concluded their recidivist statutes "contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor 'after conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge". We are impelled to the same conclusion with respect to our habitual criminal procedures.

SDCL 23-32-9 provides "In any criminal case * * * wherein the information alleges, in addition to the principal offense charged, a former conviction or convictions, such informa-

tion shall be in two separate parts, each signed by the prosecutor. In the first part the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or convictions shall be alleged." This and subsequent sections 23-32-10 and 23-32-11 substantially follow the so-called English procedure which was judicially adopted by the Connecticut Court in State v. Ferrone, 96 Conn. 160, 113 A. 452, and described as follows:

> "The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page of the information and signed by the prosecuting officer. In the second part former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury."

As more particularly prescribed by SDCL 23-32-9 et seq., this procedure applies and must be followed in all cases where the prosecutor is aware of prior convictions before an accused is arraigned and called upon to plead to the main offense.

Our other persistent offender procedure is patterned after the New York Baumes Laws, see SDCL 22-7-3, 22-7-4, 22-7-5. This procedure applies only when the fact of prior convictions is not known or discovered by the prosecutor until after sentence or conviction. In such case, our statute states it is "the duty" of the State's Attorney to file a supplemental information accusing the defendant of the prior convictions. A separate hearing and trial, if necessary, is then held to determine the issue of recidivism. If defendant is found to be the same person who committed the prior crimes the previous sentence may be vacated and the sentence enhanced in accordance with the habitual criminal act.

■■ As the State's Attorney in the present action was aware of applicant's prior criminal record before arraignment on the main offense, the "supplemental information" procedure did not provide an alternative procedure. It did not, therefore, justify or sanction the filing of a supplemental information after defendant's arraignment and plea to the main offense of possessing burglary tools.

■ The State contends, however, the habitual criminal Information was actually filed before Black entered his plea to the main offense. There is a conflict in the record regarding this factual issue. Without detailing the facts it is sufficient to say the trial court found the supplemental information was not filed until after Black pled guilty to the crime of possessing burglary tools. As we are unable to say such finding is clearly erroneous, it is binding upon us, SDCL 15-6-52(a), but not necessarily determinative of the issues. Assuming, as the State contends, the habitual Information was filed in the office of the Clerk of Courts before Black entered his plea to the principal offense the failure to conform to other procedural requirements of our habitual criminal statutes would entitle Black to have his aggravated sentence set aside in any event.

 Whenever the state seeks the imposition of a heavier penalty on an accused as an habitual criminal the statutory provisions regulating the recidivist proceedings must be strictly construed and complied with, State ex rel. Smith v. Jameson, 80 S.D. 333, 123 N.W.2d 300, 39 Am.Jur.2d, Habitual Criminals, § 17, p. 322. This degree of compliance does not affirmatively appear from the record in the present action.

The transcript of defendant's arraignment shows the habitual criminal charge was made in a separate supplemental information. Our procedure requires the allegation of prior convictions to be included in the information charging the principal offense as Part II thereof. SDCL 23-32-9. There is furthermore nothing in the record to show defendant was furnished with a copy of the supplemental information or that it was read to him before entering his plea to the principal offense.

After defendant was advised of his rights and the consequences of his plea to the principal offense the following exchange took place between the Court and State's Attorney:

"THE COURT: * * * Now, also, I believe it's true, Mr. Grosshans, that the State anticipates that if there is a plea or finding of guilty to the charge in Count I, that the State then proposes to file an Information against this man as an habitual offender based upon information the State's Attorney has to the effect that the defendant has been previously convicted of a felony in another state, is that correct?

MR. GROSSHANS: Your Honor, the State anticipates filing a supplemental Information charging the defendant with being a second offender under the habitual offender statute after having been convicted of a felony in another state."

 Notification the State anticipated filing a supplemental habitual criminal Information "after a plea or finding of guilty" does not satisfy the requirement of SDCL 23-32-10 that before an accused is put to plea he shall be informed by the judge "of

the contents of the second part" of the information. As we have previously said, our habitual criminal procedure "satisfies due process by granting an accused timely and formal notice of the alleged prior convictions before pleading to the primary charge". State v. Steffenson, 85 S.D. 136, 178 N.W.2d 561. Also see Brandon v. United States, D.C.App., 239, A.2d 159. In fairness to an accused formal notice of the alleged prior convictions refers to the information charging the same.

Affirmed.

BIEGELMEIER, P. J., and WINANS and WOLLMAN, JJ., concur.