STATE of South Dakota, Plaintiff
and Appellee,

v.

David Wayne GARRITSEN,
Defendant and Appellant.

No. 13112.

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided Feb. 25, 1981.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

John N. Gridley III, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

A jury found appellant guilty of two counts of rape. A second jury found appellant guilty of being a habitual criminal. Appellant challenges his conviction on the habitual criminal charge. We affirm.

Appellant's first contention is that the State was improperly allowed to amend the habitual criminal information. SDCL 22–7–11 provides in part:

An allegation that a defendant is an habitual criminal must be filed as a separate information at the time of, or before, his or her arraignment. The information must state the times, places and specific crimes alleged to be prior convictions and must be signed by the prosecutor.

Prior to the selection of the jury, the trial court allowed the State to amend the information by adding the name and location of the court in which a prior conviction had occurred. During jury selection, a second amendment was allowed, which changed the date of the occurrence of one of the prior convictions. We conclude that appellant was not prejudiced by these amendments. *State v. Giuliano*, 270 N.W.2d 33 (S.D.1978).

In addition to the portion quoted above, SDCL 22–7–11 provides that:

An official court record under seal or a criminal history together with fingerprints certified by the public official having custody thereof will be sufficient to be admitted in evidence without further foundation to prove the allegation that the defendant is an habitual criminal.

Appellant contends that this provision requires fingerprints, in addition to official court records, to establish the identity of a defendant in a habitual criminal trial. We do not agree.

SDCL 22–7–11 merely provides the State with one method of establishing a

**410**

prima facie case in a habitual criminal trial. Other forms of proof of the allegations in the habitual criminal information are still available. Here, the evidence submitted to the jury was sufficient to sustain the jury's verdict.

The judgment is affirmed.

All the Justices concur.