STATE of South Dakota, Plaintiff
and Appellee,

v.

Robert ALEXANDER, Defendant
and Appellant.

No. 13336.

Supreme Court of South Dakota.

Argued Oct. 2, 1981.

Decided Dec. 2, 1981.

Grant E. Gormley, Asst. Atty. Gen.,
Pierre, for plaintiff and appellee; Mark V.
Meierhenry, Atty. Gen., Pierre, on the brief.

John S. Theeler of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellant.

MILLER, Circuit Judge.

This is an appeal from a judgment of conviction of appellant on four drug-related charges by a Davison County, South Dakota jury. For reasons hereinafter stated the trial court's judgment and sentence is affirmed in part and reversed in part.

## BACKGROUND

On June 25, 1980, a Davison County grand jury indicted appellant, charging him with: count I, conspiracy to distribute hashish, methaqualone, cocaine, and quantities of marijuana more than one-half pound; and counts II, III and IV, aiding and abetting in the distribution of controlled drugs therein specified.

At the time of appellant's arraignment before Circuit Judge McMurchie, the deputy state's attorney filed a supplemental information for habitual offender alleging appellant's two prior felony convictions. These included convictions for third-degree burglary on March 20, 1974, and possession of a firearm by a convicted felon on February 13, 1979.

Appellant pleaded not guilty to all counts, and a jury trial commenced on September 15, 1980. On the second day of trial, however, it appeared that the State had unintentionally failed to comply with a trial court discovery order. Judge McMurchie, upon motion of appellant, then granted a mistrial.[1]

Ten days later, on September 26, 1980, the State filed an amended indictment, dated September 22, 1980. This amended indictment realleged the allegation of count I of the original indictment (conspiracy to distribute various controlled drugs), and amended the language of counts II, III and IV, resulting in a later disagreement as to what specific charges were therein made against appellant.

Counts II, III and IV of the original indictment clearly and specifically charged appellant with aiding and abetting in the distribution of specified controlled drugs.

Count II of the amended indictment alleged:

That on or about April 1, 1980, in Davison County, South Dakota, Robert Alexander did commit the public offense of Distribution of Methaqualone, a Schedule II controlled substance (SDCL 22–42–2) in that Steven Fishgold, as a co-conspirator of Robert Alexander and in furtherance of the conspiracy, did willfully and feloniously distribute methaqualone, a schedule II controlled substance, to Mike Thomas.

Counts III and IV made the same allegations with different dates and controlled substances.

Appellant was arraigned on the amended indictment by Presiding Judge Wuest on October 8, 1980. The State did not file a new supplemental information for habitual offender but did advise Judge Wuest that, "We have filed an enhanced punishment under the habitual." Judge Wuest then advised appellant of the maximum punishment based upon the habitual criminal statute. Appellant again entered not guilty pleas on all four counts.

At the arraignment appellant's counsel advised Judge Wuest that they were seeking to disqualify Judge McMurchie from trying the case under the amended indictment. Appellant's counsel then filed an affidavit and application for change of judge, which Judge Wuest denied by a written order dated October 15, 1980, on the grounds that appellant had waived his right to disqualify Judge McMurchie because of the prior proceedings held before him.

The trial commenced on November 12, 1980. On November 14, 1980, the jury returned its verdict convicting appellant on

---

1. The motion for mistrial was apparently made in camera, but the proceedings were not transcribed. We must therefore rely on what appears to be undisputed statements in the appel-

late briefs. The trial court did enter a written order implementing what he presumably had previously orally ordered.

all four counts. Judge McMurchie then sentenced appellant to ten years in the penitentiary and a $5,000 fine on count I and penitentiary sentences of fifteen years, five years, and fifteen years, respectively, on counts II, III and IV. All of the sentences were ordered to run concurrently.[2]

## DECISION

ISSUE I—DID THE TRIAL COURT ERR IN TRYING COUNTS II, III AND IV OF THE AMENDED INDICTMENT AS AIDING AND ABETTING OFFENSES? Yes.

Throughout the entire course of the proceedings below, Judge McMurchie specifically treated the allegations in counts II, III and IV of the amended indictment as charging appellant with aiding and abetting in the distribution of controlled drugs and substances. Said rationale was consistently applied to his holdings and rulings on motions and objections. In his instructions he informed the jury that appellant was charged with aiding and abetting and instructed them on the law to apply to such cases.[3] The verdict forms relating to said counts specifically referred to the crime of aiding and abetting. The jury found appellant guilty of aiding and abetting. Appellant was sentenced for aiding and abetting under said counts.[4]

The unartful and unexplained drafting of the amended counts II, III and IV creates the confusion herein. The original indictment clearly and specifically alleged and charged appellant with the crime of aiding and abetting in the distribution of drugs. The amendments, with no reference to an appropriate statute, are not consistent with the language of either the aiding and abetting or conspiracy statutes.

**2.** Subsequent to oral argument, this Court was advised that on September 22, 1981, Judge McMurchie reduced the sentences on counts II and IV to ten years.

**3.** All jury instructions on conspiracy were limited to count I.

**4.** SDCL 22–3–3 provides that "[a]ny person who ... aids, abets or advises another person in planning or committing the crime, is legally

An examination of the applicable statutes is appropriate. SDCL 22–3–3 reads:

Any person who, with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime.

SDCL 22–3–3.1 reads:

The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated. Any person connected with the commission of a felony, whether he directly commits the act constituting the offense or aids and abets in its commission, though not present, must be prosecuted, tried, and punished as a principal.

SDCL 22–3–8, in salient part provides:

If two or more persons conspire, either to commit any offense against the state ... and one or more of the parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be guilty....

SDCL 23A–22–13 provides:

In prosecutions for conspiracy in a case where an overt act is necessary to constitute the offense, a defendant cannot be convicted unless one or more overt acts are expressly alleged in the indictment or information, and unless one or more of the acts alleged are proved, but any other overt act, not alleged in the indictment or information, may be received as evidence.

Counts II, III and IV of the amended indictment each allege that appellant committed the public offense of distributing various controlled drugs and substances "in that Steven Fishgold, *as a co-conspirator of*

accountable, as a principal to the crime." SDCL 22–3–8(1), regarding conspiracy, provides that the punishment for conspiracy to commit a felony is "... a classified felony which is one classification less severe than the felony to be committed, but in no case shall the punishment ... be less than a Class 6 felony."

Thus, appellant was tried, convicted and sentenced under the statute which provided for the more severe punishment.

Robert Alexander *and in furtherance of the conspiracy"* did distribute such drugs (emphasis added).

An indictment is legally sufficient if it can be understood therefrom "[t]hat the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended." SDCL 23A–6–7(5).

Even more basic is the constitutional right of a defendant "... to demand the nature and cause of the accusation against him ...." S.D.Const. art. VI, § 7.

We have consistently held that a criminal case pleading is sufficient if it either employs the language of the statute *or its equivalent,* but at the least it in substance must contain the necessary elements of the offense. *State v. Wilson,* 297 N.W.2d 477 (S.D.1980); *State v. Provost,* 266 N.W.2d 96 (S.D.1978).

Counts II, III and IV of the amended indictment do not plead the language of the aiding and abetting statute, SDCL 22–3–3, or any equivalent language consistent with that theory. Said counts specifically allege that appellant was a *co-conspirator* with one Steven Fishgold who is alleged to have distributed drugs to one Mike Thomas *in furtherance of the conspiracy.*

■ Irrespective of what the State had intended to allege by its improvident amendment, we are of the opinion that the allegations sounded in conspiracy and in no manner alleged acts constituting aiding and abetting.

For the trial court to have treated these counts as aiding and abetting and to so instruct the jury was prejudicial error. The judgment of conviction as to counts II, III and IV of the amended indictment is reversed.

ISSUE 2—DOES JUDGE WUEST'S DENIAL OF APPELLANT'S APPLICATION FOR A CHANGE OF JUDGE REQUIRE A REVERSAL OF COUNT I? No.

SDCL Chapter 15–12 sets forth the method and procedure for disqualifying a judge. SDCL 15–12–32 requires that the presiding judge review the affidavit and application

for its timeliness and determine whether the right to file against the judge has been waived or whether other defects exist in the application. Judge Wuest made this required review and determined that appellant had waived his right to disqualify Judge McMurchie pursuant to SDCL 15–12–24, which provides:

The submission to a judge or magistrate of argument or proof in support of a motion or application, or upon trial, is a waiver of the right thereafter to file an affidavit for change of such judge or magistrate by any party or his counsel who submitted the same or who after notice that such matter was to be presented, failed to appear at the hearing or trial. Such waiver shall continue until the final determination of the action and includes all subsequent motions, hearings, proceedings, trials, new trials, and all proceedings to enforce, amend or vacate any order or judgment.

It is undisputed that appellant was arraigned; that he presented motions; that a jury trial was commenced; and that appellant was granted a mistrial in proceedings presided over by Judge McMurchie under the original indictment. Had appellant been retried under the original indictment there would be no question but that appellant's right to request a change of judge under SDCL 15–12–21 would have been waived by the provisions of SDCL 15–12–24.

■ Considering that new charges were alleged by the amendments of counts II, III and IV, appellant was facing completely new charges with different defenses available. He was entitled to disqualify Judge McMurchie, as he had not waived this right under SDCL 15–12–24 under those specific charges.

■ Count I of the indictment and amended indictment were identical. This fact, coupled with the above reversal of the convictions on counts II, III and IV, leads us to the conclusion that any error in the denial of the application for change of judge was harmless and does not require a reversal.

ISSUE III—DOES THE AMENDMENT OF THE INDICTMENT BY THE GRAND JURY REQUIRE A REVERSAL? No.

The legislature has given the grand jury the power and duty to inquire into criminal activity committed or triable in its county and to present them to the circuit court by indictment. SDCL 23A–5–9. The statutes are silent as to the grand jury's authority to amend its indictments.[5]

This is not a case where the court amended the indictment on its own motion or on motion of the State. Rather, the grand jury itself made the amendment. The practical effect was a reindictment by the grand jury, which it undisputably has authority to do. Appellant was entitled to and did receive a rearraignment thereon, followed by a trial.

Appellant claims neither surprise nor prejudice by the amendment; rather, he urges that the absence of specific statutory authority of the grand jury to amend prohibits his prosecution thereunder.

■ We need not address the issue of a grand jury's authority to amend its indictments. The amendment here, even though not specifically authorized by statute, did not affect appellant's substantial rights and he suffered no prejudice therefrom. SDCL 23A–44–14, and *State v. Giuliano*, 270 N.W.2d 33 (S.D.1978).

ISSUE 4—IS THE HABITUAL CRIMINAL CONVICTION VOID? No.

SDCL 22–7–11 requires that "[a]n allegation that a defendant is an habitual criminal must be filed as a separate information at the time of, or before, his . . . arraignment."

Here, the State filed a supplemental information alleging two prior felony convictions [6] at or prior to the time of the arraignment on the original indictment. Appellant was thoroughly advised by the trial court of the consequences and procedures followed in such cases.

At the time of the arraignment on the amended indictment appellant was aware that the State claimed that the supplemental information was still on file, and he was fully advised by the court of the maximum possible punishment thereunder. He indicated that he was aware of and understood the same.

■ We adhere to our previous holding that whenever the State seeks to obtain an enhanced penalty upon an accused as an habitual offender, the statutory provisions of SDCL ch. 22–7 relating to habitual offenders must be strictly construed and complied with. *Black v. Erickson*, 86 S.D. 86, 191 N.W.2d 174 (1971); *State v. Jameson*, 80 S.D. 333, 123 N.W.2d 300 (1963).

■ We conclude that the facts presented here satisfy the provisions of SDCL 22–7–11 and that the court did not err by sentencing appellant under the enhanced punishment provisions of SDCL 22–7–7.

We have examined the several other issues raised by appellant and determine that they are without merit.

Appellant's judgment of conviction on count I is affirmed. The judgment of conviction on counts II, III and IV is reversed.

All the Justices concur.

MILLER, Circuit Judge, sitting for MORGAN, J., disqualified.

---

**5.** SDCL 23A–6–19 specifically allows the amendment of an information by the prosecuting attorney.

**6.** This action increased the possible maximum punishment of the principal felonies to the next class of felony which is more severe. SDCL 22–7–7.