STATE of South Dakota, Plaintiff
and Appellee,

v.

Daniel GROOMS, Defendant
and Appellant.

No. 13994.

Supreme Court of South Dakota.

Argued Sept. 13, 1983.
Decided Oct. 26, 1983.

Grant E. Gormley, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

John C. Wiles of Osheim, Fox, Bartron & Wiles, Watertown, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction and sentence for grand theft pursuant to SDCL 22–30A–1, SDCL 22–30A–17(1), and SDCL 23–9–13.1. We affirm in part, reverse in part, and remand.

On March 17, 1979, Daniel Grooms (appellant), along with two accomplices, Lyle Nelson and Marsha Lord, stole a horse trailer in Mandan, North Dakota. Two days later, after returning to South Dakota, they left the trailer at a trailer business near Estelline. Shortly thereafter, they were apprehended by police. Following a jury trial, appellant was convicted of grand theft and sentenced to fifteen years in the South Dakota State Penitentiary. Appellant sought post-conviction relief, and pursuant to the decision of this court in *Grooms v. State,* 320 N.W.2d 149 (S.D.1982), his conviction was reversed and the matter remanded for a new trial.

On October 18, 19, and 20, 1982, this matter was re-tried before a jury and appellant was again found guilty of grand theft. Pursuant to SDCL 22–7–8, the circuit court found that appellant was an habitual offender and sentenced him to thirty years in the South Dakota State Penitentiary.

The issues on appeal are: 1) Was there sufficient evidence to corroborate the testimony of accomplice Marsha Lord? 2) Was appellant's conviction under the habitual offender statute void due to failure of the State to comply with SDCL 22–7–11? 3) When a criminal conviction has been set aside and a new trial ordered, may the trial court sentence the defendant more severely after conviction upon retrial?

Initially, we examine appellant's claim that there was insufficient evidence to corroborate accomplice Marsha Lord's testimo-

ny, which provided most of the details concerning the actual theft of the trailer. SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

█ It is well settled that the testimony of an accomplice need not be corroborated by evidence sufficient to sustain a conviction. The evidence need only affirm the truth of the testimony of the accomplice and establish the guilt of the defendant. Circumstantial evidence can satisfy the requirements of corroboration. *State v. Nelson,* 310 N.W.2d 777 (S.D.1981); *State v. Moellar,* 281 N.W.2d 271 (S.D.1979); *State v. Burkman,* 281 N.W.2d 436 (S.D.1979).

█ The additional evidence presented at trial indicated that the stolen trailer had its identification sticker removed by the time appellant left it at the Estelline trailer business, that when appellant was apprehended an accomplice dropped the trailer's license plate and identification sticker on the ground, that the manager of the Mandan trailer sales business reported a trailer missing that had the serial number 67657, and that the trailer left at the Estelline business by appellant had a serial number of 67657. Since this evidence clearly affirms the truth of Marsha Lord's testimony, it is sufficient to corroborate the testimony and satisfy the requirements of SDCL 23A–22–8. Therefore, we uphold the judgment of conviction.

We turn next to appellant's claim that his conviction under the habitual offender statute is void due to the State's failure to comply with SDCL 22–7–11, which provides, in pertinent part: "An allegation that a defendant is an habitual criminal must be filed as a separate information at the time of, or before, his or her arraignment."

The facts pertinent to appellant's claim are these: On June 6, 1979, at appellant's arraignment prior to the first trial in this matter, the State filed a supplemental information pursuant to SDCL 22–7–11, charging appellant with four prior felony convictions. On August 9, 1979, following an agreement between the State and appellant, an amended supplemental information was filed charging appellant with two prior convictions. On July 13, 1982, after this court reversed his first conviction, appellant was again served with the June 6, 1979, information charging him with grand theft. However, the State did not on July 13, 1982, serve a supplemental information alleging appellant's prior felony convictions. Not until October 20, 1982, following his second conviction in this matter, was appellant served with the supplemental information of June 6, 1979, which charged him with the prior felony convictions.

Appellant maintains that since the State did not serve him with the supplemental information charging prior felony convictions on July 13, 1982, but waited until October 20, 1982, the State violated SDCL 22–7–11. Additionally, since on October 20, 1982, the State served him with the June 6, 1979, supplemental information rather than the August 9, 1979, supplemental information, appellant claims a violation of SDCL 22–7–11. As a result, appellant maintains that his enhanced sentence should be reversed. We agree in part with appellant's contentions.

█ The purpose of the habitual offender statutes (SDCL ch. 22–7) is to allow the trial court to enhance a convicted felon's sentence if the State can prove that the defendant had already been convicted of prior felonies. The habitual offender act is a highly penal enactment and, therefore, it should be strictly construed and applied. *State v. Alexander,* 313 N.W.2d 33 (S.D. 1981); *Black v. Erickson,* 86 S.D. 86, 191 N.W.2d 174 (1971); *State v. Jameson,* 80 S.D. 333, 123 N.W.2d 300 (1963).

However, we recognized in *Alexander, supra,* that there may be harmless error under the habitual offender statutes when a defendant is re-tried for the same offense

and the State fails to re-file the supplemental information before the second trial. The facts of *Alexander* are very similar to those in the present case: at defendant's arraignment the State filed a supplemental information pursuant to SDCL 22–7–11 alleging habitual offender status; due to a mistrial, the State re-filed the indictment but did not file a new supplemental information under the habitual offender act; even so, the trial judge sentenced Alexander to an enhanced sentence under SDCL ch. 22–7. On such facts, this court held that no reversible error occurred because the supplemental information had been properly filed at the original arraignment, defendant had been advised of the consequences at that time, and the original supplemental information was still on file at the time of the second arraignment.

■ Likewise, in the case at hand, appellant knew from the original indictment that the State would charge him with habitual offender status, and he knew the consequences of such status. In addition, the record of the sentencing hearing shows that the supplemental information from the original trial was still on file and that appellant stipulated to its use. Therefore, we conclude, based upon *Alexander,* that the failure of the State to give appellant a copy of the supplemental information on July 13, 1982, as required by SDCL 22–7–11, does not justify a total reversal of the habitual offender conviction.

However, it was error for the trial court to allow the State to pick and choose between the two supplemental informations when seeking an habitual offender conviction after the second trial. The difference in result between the two supplemental informations justifies appellant's claim of error. Under the June 6, 1979, supplemental information, appellant could have been sentenced to life in prison.[1] But under the August 9, 1979, supplemental information, appellant could have been sentenced to only fifteen years in prison.[2]

Therefore, for the following reasons, we hold that the circuit court must use the August 9, 1979, supplemental information when enhancing appellant's sentence: 1) As stated above, the *Alexander* rule makes plain that one of the two supplemental informations can be used even if neither was given to appellant before his second trial. 2) The August 9, 1979, supplemental information was the later of the two and is that which the State and appellant agreed upon, thus disposing of the June 6, 1979, supplemental information. 3) At the sentencing proceeding following the second trial, appellant did not contest the use of the August 9, 1979, supplemental information.

In light of our holding on the issue of the habitual offender supplemental information, we need not reach appellant's third claim.

The judgment of conviction for grand theft is affirmed. The conviction on the supplemental information of June 6, 1979, is reversed, and the case is remanded for habitual offender proceedings based upon the supplemental information of August 9, 1979.

All the Justices concur.

---

1. SDCL 22–7–8: "When a defendant has been convicted of at least three prior convictions in addition to the principal felony, the sentence for the principal felony shall be enhanced to the sentence for a Class 1 felony." SDCL 22–6–1(3) calls for life imprisonment for Class 1 felonies.

2. SDCL 22–7–7 states that if a defendant has been convicted of one or two prior felonies, his sentence may be enhanced to the next more severe class. Appellant was convicted of a Class 4 felony—grand theft. SDCL 22–6–1(5) calls for fifteen years' imprisonment for Class 3 felonies.