**STATE of South Dakota,**

v.

**Francis RODEN.**

**No. 14903.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided Jan. 22, 1986.

Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., on brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Francis Roden was sentenced to eight years in the state penitentiary upon his conviction of rape in the second degree. We affirm.

The victim was a fourteen-year-old girl then living in the Roden household. She testified that Roden had intercourse with her against her will. Roden's stepdaughter also testified concerning sexual abuse of

her by Roden in prior years. Roden raises three issues on appeal.

## I.

The information against Roden, as originally filed, read in pertinent part:

That on or about June 11, 1984, in the County of Meade, State of South Dakota, FRANCIS RODEN aka FRITZ RODEN did commit the public offense of Rape In The Second Degree in that, FRANCIS RODEN aka FRITZ RODEN did commit an act of sexual penetration with J.V., said victim not being the Defendant's spouse and being less than fifteen (15) years of age at said time, to wit: that the Defendant did stick his penis in the victim's vagina, in violation of SDCL 22–22–1(5).

On the second day of trial, State was permitted to amend the Information by inserting "or finger" after the word "penis." Roden claims the trial court erred in allowing that amendment.

Under SDCL 23A–6–19 an information may be amended:

... After commencement of a trial, the trial court may permit the prosecuting attorney to amend the information at any time before a verdict or finding is made, if [1] no additional or different offense is charged and [2] substantial rights of the defendant are not thereby prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant.

■ Second degree rape requires proof of sexual penetration, which can include either penile or digital. SDCL 22–22–1(5).[1] Here, the amendment added a different means of committing the same offense and is not violative of SDCL 23A–6–19, *supra,* or SDCL 23A–8–2, which prohibits the charging of more than one offense in a single count. *See, e.g. State v. Schertz,* 330 N.W.2d 1, 2 (Iowa 1983). Therefore, the addition of "or finger" did not charge an additional or different offense.

■ We are unpersuaded that the amendment obliged Roden to alter his defense strategy. Defense counsel's objections prior to the court's ruling do not indicate in what manner the amendment would, or could, alter his strategy since it was his firm position throughout the trial that Roden had no sexual contact whatsoever with the victim. We can not conclude the charge surprised Roden since the issue of digital rape was raised at trial by defense counsel and was part of the victim's recorded testimony prior to indictment. *State v. Long,* 85 S.D. 431, 440, 185 N.W.2d 472 (1971). Moreover, Roden made no motion for continuance. *State v. Reutter,* 374 N.W.2d 617, 623–24 (S.D.1985). Consequently, the trial court's decision to allow the amendment was not an abuse of discretion which could prejudice Roden.

## II.

Investigation prior and subsequent to Roden's arrest led to the discovery that another minor, Roden's stepdaughter, had been sexually molested and raped by him repeatedly while she was in the third to eighth grades. Specific incidences of sexual contact related by the stepdaughter paralleled the complaint made by the present victim. Upon State's motion, the stepdaughter's testimony (referred to at trial and hereinafter as "bad acts") was admitted. The trial court noted the special circumstances present in domestic child sexual abuse cases and found that a common scheme of circumstances appeared. The court found that the "bad acts" showed an implied intent or objective by Roden to satisfy his sexual urges with children; were shown by plain, clear, and convincing evidence; were not isolated or too remote; and were, therefore, relevant and probative.

---

**1.** SDCL 22–22–1(5) provided at time of Roden's arrest:

Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances: ...

(5) Where the victim is less than fifteen years of age;....

Roden contends this evidence was erroneously admitted. Evidence of other wrongs or acts is admissible for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge, and a course of continuous criminal action. SDCL 19–12–5. *State v. Brown*, 285 N.W.2d 843, 846 (S.D.1979). In *Brown*, we upheld the trial court's decision to admit other alleged acts of sexual molestation against children in the defendant's home. *Id.* at 844. Here, under similar facts and circumstances, we can not find that the trial court abused its discretion in admitting this evidence and his decision will not be disturbed. *State v. Wedemann*, 339 N.W.2d 112, 115 (S.D.1983). *See also State v. Rose*, 324 N.W.2d 894 (S.D.1982); and *State v. Dace*, 333 N.W.2d 812, 816 (S.D. 1983). The "bad acts" testimony indicated a common design or scheme and an appropriate instruction on its limited purpose was given.

### III.

The victim was allowed to testify that on previous occasions Roden had sexually molested her. Roden's final argument on appeal is that the trial court erred in admitting this testimony since it was outside of the specific prior "bad acts" testimony by Roden's stepdaughter which the trial court admitted.

State's notice and motion to admit the evidence addressed possible hearsay be-cause the stepdaughter originally refused to testify. The victim's testimony was not specifically discussed in this motion. Roden's opposition to the motion responded primarily to the "bad acts" hearsay concerning the stepdaughter. Ultimately, the stepdaughter did testify at the motions hearing and trial and the court's order was limited to the admission of the stepdaughter's "bad acts" testimony. Roden, however, did not object to the victim's testimony of prior sexual contact or ask that it be struck. Consequently, since the trial court was not given an opportunity to decide the issue now urged, it is not preserved on appeal. *State v. Holter*, 340 N.W.2d 691, 692 (S.D.1983). We fail to find the necessary facts and circumstances present, or the alleged error sufficient, to invoke the plain error doctrine of SDCL 23A–44–15. *Id.* at 692–93; *State v. Brammer*, 304 N.W.2d 111, 114 (S.D.1981).

The conviction is affirmed.

MORGAN and WUEST, JJ., and HERTZ, Acting Justice, concur.

HENDERSON, J., concurs in result.