**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gary Lynn LOOP, Defendant and Appellant.**

No. 15697.

Supreme Court of South Dakota.

Argued Nov. 18, 1987.

Decided April 20, 1988.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Cynthia A. Howard, Northern Hills Public Defender's Office, Deadwood, for defendant and appellant.

MORGAN, Justice.

Defendant and appellant, Gary Lynn Loop (Loop or defendant), appeals from a 1981 jury verdict convicting Loop of sexual contact with a child under the age of fifteen. We affirm.

A recitation of the facts, as they relate to the merits of the underlying conviction, is not necessary to the disposition of this appeal and will be referred to only as pertinent to a given issue. Defendant was initially arraigned on the underlying charge by information on October 26, 1981. On November 4, 1981, State dismissed this information and immediately refiled an information charging the same crime, together with a Part II information alleging that defendant was an habitual offender. Defendant was subsequently convicted and, on December 1, 1981, admitted having committed the three prior felonies. On January 7, 1982, the trial court entered a judgment of conviction, sentencing defendant to twenty years in the South Dakota State

Penitentiary. Defendant's trial attorney timely filed a notice of appeal, but failed to file a brief, and the appeal was dismissed. Defendant subsequently applied for writ of habeas corpus, alleging ineffective assistance of counsel. Writ was denied by the circuit court. An appeal followed and this court reversed in *Loop v. Solem*, 398 N.W. 2d 140 (S.D.1986), and remanded for re-sentencing. Defendant was again sentenced to twenty years in the penitentiary and this appeal followed.

Defendant submits four issues for consideration. First, whether defendant was prejudiced by an incorrect citation in the habitual offender charge. Second, whether State failed to follow the strict requirements of the habitual offender statutes by failing to file its Part II habitual offender information prior to arraignment on the initial information. Third, whether the trial court erred by admitting evidence of a prior bad act without a proper determination as to relevancy and prejudicial impact. Fourth, whether the trial court failed to find that defendant had waived his constitutional rights or to find that there was a factual basis for his pleas to prior felonies.

Relative to the first issue, Loop contends that an erroneous statutory citation in the habitual offender information misled him into believing that he was being charged with only two prior felonies. State concedes that erroneous citations were made. The information cites to SDCL 22–7–2 and 22–7–7.[1] State further concedes that the proper citation should have been to SDCL 22–7–8.[2] State argues that the information was sufficient on its face as the three prior felonies were set out in full and that verified documents of each prior felony were attached to the information. State further contends that the arraignment transcript fully informed defendant of the charge against him.

■ "An information is sufficient if it [apprises] the accused of the nature of the accusation against him with reasonable cer-

tainty so that he may prepare a defense and be protected from double jeopardy." *State v. Boutchee*, 406 N.W.2d 708, 710 (S.D.1987) (footnote omitted); *State v. Logue*, 372 N.W.2d 151 (S.D.1985); *State v. Blue Fox Bar, Inc.*, 80 S.D. 565, 128 N.W. 2d 561 (1964); SDCL 23A–6–14. In *State v. Williamson*, 342 N.W.2d 15, 17 (S.D. 1983), we said:

SDCL 22–7–11 requires that Part II of the habitual information 'must state the *times, places* and *specific crimes* alleged to be prior convictions and must be signed by the prosecutor.' (cited as emphasized.) Although an information on the principal charge is required to cite the statute which a defendant is alleged to have violated, SDCL 23A–6–4, there is no comparable requirement for a habitual offender information, SDCL 22–7–11. Consequently, even though the habitual information here does not cite to SDCL 22–7–8, that is not a requirement of the statute.

*Cited with approval* in *State v. Conaty*, 380 N.W.2d 656 (S.D.1986). Upon a reading of the information, it is clear that the number of offenses is clearly set out and in accordance with SDCL 22–7–11. Upon a reading of the various transcripts in the record, it is clear defendant was apprised that the crime with which he was charged was being enhanced from a Class 5 to a Class 1 felony; that he was charged with three prior felonies in the Part II habitual offender information; and that the maximum punishment had now been enhanced to life imprisonment. We find defendant's first issue to be totally without merit.

Loop was initially arraigned by information on October 26, 1981. He entered a plea of not guilty. It was after this time that State discovered Loop had prior felony convictions. On November 4, 1981, the initial information was dismissed and a new information, with the same charge, was filed together with a Part II information for habitual offender. Loop again pleaded

---

1. SDCL 22–7–2 was repealed in 1976. SDCL 22–7–7 provides for enhancement of sentence when there are one or two prior felony convictions.

2. SDCL 22–7–8 provides for enhancement of sentence, when there are three or more additional felony convictions, to a Class 1 felony.

not guilty to the underlying information. Loop contends that, since this procedure follows neither the letter nor the intent of the habitual offender statutes, the conviction as an habitual offender must be vacated. SDCL 22–7–11 provides in pertinent part: "An allegation that a defendant is an habitual criminal must be filed as a separate information at the time of, or before, his or her arraignment." State, on the other hand, contends that defendant was not prejudiced by this procedure and that since jeopardy had not attached it was within the discretion of the state's attorney to dismiss and refile.

We have held in the past that the habitual offender act should be strictly construed and applied, because of its highly penal nature. *State v. Graycek,* 368 N.W. 2d 815 (S.D.1985); *State v. Grooms,* 339 N.W.2d 318 (S.D.1983); *State v. Layton,* 337 N.W.2d 809 (S.D.1983). As noted earlier, SDCL 22–7–11 requires that an habitual offender information be filed at the time of or before arraignment. The purpose of this requirement is to insure that defendant is fully aware at the time he is arraigned on the principal felony charge that there is outstanding against him a habitual offender information that would have the affect of enhancing the punishment imposed upon him. *Graycek, supra; Black v. Erickson,* 86 S.D. 86, 191 N.W.2d 174 (1971).

■ This court has also held that a state may amend an habitual offender information where the defendant is not prejudiced thereby. *Graycek, supra; Layton, supra; State v. Garritsen,* 302 N.W.2d 409 (S.D.1981). In *State v. Alexander,* 313 N.W.2d 33 (S.D.1981), the fact that the habitual offender information was not refiled at the same time as an amended indictment on the principal felony did not render the habitual criminal conviction void. The key in all these cases was that defendant was not prejudiced by this action. In *Halverson v. State,* 372 N.W.2d 463 (S.D.1985), relying on *Garritsen, supra,* and *Alexander, supra,* we said: "Although the habitual criminal charge must be filed prior to arraignment on the main

charge, it is always possible for the state to dismiss the charge before jeopardy has attached, then file the habitual criminal charge and refile the original charge." 372 N.W.2d at 464 fn. (citations omitted). We hold likewise in this case that defendant was not prejudiced by State's actions.

■ For his third issue, defendant argues that the trial court erred in admitting evidence of prior bad acts without first determining whether the evidence was relevant. Defendant also argues that the prejudicial effect of the evidence substantially outweighed its probative value. At trial, both the victim and her younger sister testified to an incident that had occurred earlier in the week. The mother also testified as to this incident. Defendant raised no objection to this testimony. State contends that as no objection was raised this issue is not preserved for appellate review. We agree.

■ To preclude Loop from using the failure of counsel to object as evidence of ineffective assistance of counsel in a habeas corpus application, we hold that, had Loop preserved this issue for appeal, such evidence was properly admissible as being contemporaneous with the crime charged and as going to proof of motive, opportunity, intent, preparation, plan, knowledge, and *absence of mistake or accident.* SDCL 19–12–5; *State v. Sieler,* 397 N.W.2d 89 (S.D.1986); *State v. Means,* 363 N.W.2d 565 (S.D.1985). Other acts are material if they show a plan or system of criminal action and acts constituting continuous offenses. *Means, supra.*

For defendant's last argument he contends that there was not a showing on the record that he had waived right to counsel at conviction of prior felonies and that there was likewise no showing of a factual basis for those pleas. He therefore asserts that his conviction as an habitual offender must be reversed.

In *Application of Garritsen,* 376 N.W. 2d 575, 577 (S.D.1985), we said that a guilty plea is not valid "unless the record in *some manner* indicates that the defendant freely and intelligently waived [certain] constitutional right[s]. . . ." (Emphasis added.)

*See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

█ It is State's burden to provide sufficient evidence that the defendant is an habitual offender. SDCL 22–7–11 provides that an official court record under seal or a criminal history, together with fingerprints certified by a public official, is sufficient. Once State has met its burden, it remains for the defendant to attack the validity of the prior convictions. A defendant has two opportunities to have prior convictions, offered for enhancement purposes, set aside. First, he may challenge the validity of the prior convictions at a pretrial hearing, or at the trial on the Count 2 information. In *State v. John H. King,* 383 N.W.2d 854 (S.D.1986), the defendant raised the issue on validity of prior convictions at a pretrial hearing. In that case, we said that

> [t]he individual [defendant] may challenge the constitutional validity of a prior conviction whenever it is used as a basis for augmenting punishment. A motion to strike a prior conviction allegation from an accusatory pleading is a proper vehicle for attacking such conviction if the presence of the prior will activate the statutory machinery relating to penal status or severity of sanction in a subsequent criminal proceeding.

383 N.W.2d at 856, *citing In re Rogers,* 28 Cal.3d 429, 434, 169 Cal.Rptr. 222, 224, 619 P.2d 415, 417 (1980).

Second, he can collaterally attack the judgment of conviction, wherein the prior convictions were utilized to enhance sentence, by way of a habeas corpus proceeding. In *Alexander v. Solem,* 383 N.W.2d 486, 488 (S.D.1986), we said that

> '[w]here a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus,* the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel.' (Emphasis in original.)

*Citing Johnson v. Zerbst,* 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, 1462 (1938). Similarly, *see State ex rel.*

*Parker v. Jameson,* 75 S.D. 196, 61 N.W.2d 832 (1953). Generally,

> [a] defendant seeking to set aside a prior conviction obtained as a result of the entry of a guilty plea must initially make a prima facie showing that the guilty plea was *constitutionally infirm;* only when the defendant has satisfied this initial evidentiary requirement is the prosecution required to establish by a preponderance of the evidence that the guilty plea did not violate constitutional due process standards.

*State v. Leonard King,* 400 N.W.2d 878, 879 (S.D.1987), *citing People v. Wade,* 708 P.2d 1366, 1368 (Colo.1985) (cited as emphasized). *See State v. John H. King, supra.*

█ We held in *State v. Aspen,* 412 N.W.2d 881 (S.D.1987), that the habeas court may, and should, take evidence by way of taking judicial notice of prior criminal files. *See also Alexander v. Solem, supra; State v. Olesen,* 331 N.W.2d 75 (S.D.1983). This record, by whichever party offered, should apprise the habeas court whether remand is necessary for re-sentencing. Defendant is here on direct appeal and he did not raise the issue of validity of the prior convictions below, therefore there is nothing for this court to review.

We affirm.

HENDERSON and MILLER, JJ., and GERKEN, Circuit Judge, concur.

SABERS, J., specially concurs.

GERKEN, Circuit Judge, sitting for WUEST, C.J., disqualified.

SABERS, Justice (concurring specially).

I concur in all respects except for the attempt and the reasons given therefor "to preclude Loop from using the failure of counsel to object as evidence of ineffective assistance of counsel in a habeas corpus application. . . ."

1) Although the testimony by the victim, her sister, and mother of an incident that occurred earlier in the week may be sufficiently contemporaneous with the crime charged to be properly ad-

missible, that question is not before us now.

2) There is no showing that any of these incidents goes to proof of motive, opportunity, intent, preparation, plan, knowledge, absence of mistake nor accident; nor does this evidence show a plan or scheme of criminal action. On the contrary, none of these factors were even at issue in this case.

The prejudicial effect of this evidence also far outweighs any probative value as to any of these factors.

I believe that the law relating to "prior bad acts" took a "wrong turn" during the last few years in South Dakota. I believe that this "wrong turn" is best demonstrated by cases such as *State v. Means*, 363 N.W.2d 565 (S.D.1985) and *State v. Roden*, 380 N.W.2d 669 (S.D.1986). This "wrong turn" was acknowledged by Justice Morgan's special concurrence in *State v. Rufener (I)*, 392 N.W.2d 424, 429 (S.D.1986), that "[t]he first sentence: [of SDCL 19–12–5] ... has been entirely swallowed up by the second sentence[.]" I agree completely. We should enforce the rule over the exceptions. "Evidence of other crimes, wrongs, or acts is *not* admissible to prove the character of a person in order to show that he acted in conformity therewith." (emphasis added) SDCL 19–12–5. Proof should be confined to evidence of the crime charged. Evidence of other crimes or acts should be prohibited unless "really" relevant to a material issue.

As a result of the "wrong turn" we have proceeded a long way down the "wrong road." We should go no further down that road. We should return to the rule and enforce the first sentence. SDCL 19–12–5.