982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard A. TRAVERSIE, Appellant,
v.
Walter LEAPLEY, Warden of the South Dakota State
Penitentiary; Roger Tellinghuisen, Attorney
General for South Dakota, Appellees.
 No. 92-2270.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1992.
Filed: November 20, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Traversie, a South Dakota inmate, appeals the District Court's[1] order denying his petition for habeas corpus relief under 28 U.S.C. § 2254 (1988). We affirm.
 
 
 2
 In 1985, a jury convicted Traversie of first-degree burglary, a felony, and petty theft, a misdemeanor. Trial was then set on the state's Part II Information, which alleged Traversie was subject to the state habitual offender statute because he had five prior felony convictions. He pleaded guilty to the habitual offender charge and admitted he had been convicted of four prior felonies. The court sentenced him to thirty-five years in the South Dakota State Penitentiary for the burglary and ten days in the Hughes County Jail for the theft, to be served concurrently.
 
 
 3
 Traversie's direct criminal appeal encompassed only his principal convictions, not his habitual offender conviction; the South Dakota Supreme Court affirmed. State v. Traversie, 387 N.W.2d 2 (S.D. 1986). He then filed an application for a writ of habeas corpus in state court, claiming there was insufficient evidence to sustain either the jury verdict or the trial court's judgment that he was an habitual offender. The court rejected Traversie's claim of insufficient evidence to support the burglary conviction, as that issue had been determined against him on direct appeal. The court also rejected Traversie's claim that there was insufficient evidence to support the habitual offender charge. The court stated that the sole issue in an habitual offender case is whether the defendant is the same person as is alleged in the habitual criminal information, citing S.D. Codified Laws Ann. § 22-7-12 (1988). Traversie admitted the prior convictions; therefore, the trial court properly convicted and sentenced him under the habitual offender statute. The court rejected Traversie's claim that the burden was on the State to prove the validity of the underlying convictions, citing State v. Loop, 422 N.W.2d 420, 424 (S.D. 1988) (defendant who challenges prior conviction based on a guilty plea must present prima facie case that guilty plea was constitutionally invalid). The South Dakota Supreme Court affirmed the denial of habeas relief without a written opinion.
 
 
 4
 Traversie then filed this habeas petition, reasserting his claims. The magistrate judge recommended denial of the petition.
 
 
 5
 The District Court reviewed the record de novo and adopted the magistrate judge's recommendation over Traversie's objections.
 
 
 6
 "A state court's interpretation of state law is binding upon a federal court in a habeas proceeding." Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991), cert. denied, 112 S. Ct. 901 (1992). Here, the state courts have considered and rejected Traversie's claim that the burden was on the state to prove that the convictions underlying his habitual offender conviction complied with the requirements set forth in Boykin v. Alabama, 395 U.S. 238, 242 (1969) (recognizing that defendant's entry of a guilty plea must be voluntary and intelligent), and Carnley v. Cochran, 369 U.S. 506, 516 (1962) (presuming waiver of the right to counsel from a silent record is impermissible). The state courts reached this conclusion relying on Loop, 422 N.W.2d at 424, which requires the defendant to make a prima facie showing that his prior convictions are invalid before the state must assume the burden to prove the convictions were validly obtained. As the District Court correctly observed, Traversie did not attack the validity of his prior convictions in his criminal appeal, in his state habeas petition, or in this federal habeas petition. The cases he cites do not support his position because in those cases there was some indication that, at the criminal proceedings, the trial court did not comply with constitutional requirements and the petitioners' convictions were actually invalid. In light of our disposition, we do not reach the double jeopardy issue.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Lawrence J. Zastrow, United States Magistrate Judge for the District of South Dakota